(48 Misc. Rep. 415)

### STANTON v. BOARD OF SUP'RS OF ESSEX COUNTY.

(Supreme Court, Special Term, Essex County.   October, 1905.)

**1.** CONSTITUTIONAL LAW—DELEGATION OF LEGISLATIVE POWERS—REMOVAL OF COUNTY SEAT.

Laws 1892, p. 1753, c. 686, §§ 31, 32, as amended by Laws 1899, p. 272, c. 133, conferring authority on supervisors to remove county seat on a petition of at least 25 freeholders, and that such removal shall not be executed except on ratification by the votes of the electors of the county, is not an unconstitutional delegation of legislative power.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Constitutional Law, §§ 110, 119.]

**2.** COUNTIES—COUNTY SUPERVISORS—POWERS.

The Legislature, in conferring, under Const. art. 3, § 27, power on boards of supervisors, may interpose any limitation which it may deem desirable, and a provision that, before legislation as to the removal of a county seat shall be carried into execution, the approval of the people interested shall also be obtained, is not a violation of such constitutional provision.

**3.** SAME—MEETING OF SUPERVISORS—NOTICE.

Where a statute provides that the notice of a meeting of the board of supervisors shall be published under the direction of the board, a notice published by the county clerk, and not by the clerk of the board, is sufficient, where there was a resolution of the board for its publication.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Counties, § 64.]

**4.** SAME—REMOVAL OF COUNTY SEAT.

Where the publication of a petition of freeholders for the removal of a county seat and notice that it would be presented at the annual meeting of the board is duly made before the first day of the annual meeting, the petition may be presented on any day before the final adjournment of the board.

Action by Merritt C. Stanton against the board of supervisors of the county of Essex to restrain the removal of the county seat.   Dismissed.

Hand & Hale (Francis A. Smith, of counsel), for plaintiff.
Stokes & Owen (Royal Corbin, of counsel), for defendant.

SPENCER, J.   The plaintiff is a taxpayer in the county of Essex, and seeks by this action to restrain the board of supervisors from carrying into effect a resolution passed by the board removing the county seat from Elizabethtown to Westport.   The plaintiff contends that the sections of the county law (Laws 1892, p. 1753, c. 686, §§ 31, 32, as amended by Laws 1899, p. 272, c. 133) which confer authority upon boards of supervisors to remove county seats are unconstitutional because they delegate legislative power to the people.   The Legislature has no power by private or local bill to locate or change the location of county seats.   Const. art. 3, § 27.   Exercising its power to enact general legislation in that regard, the Legislature, in its grant of power to boards of supervisors, subjected the exercise of such power to certain conditions.   As touching the instance before the court, it provided that the board shall not legislate to remove a county seat except upon the petition of freeholders praying therefor, and that any legislation which the board shall thereupon enact shall not be put into execution unless ratified by a vote of the electors of the county.   This is a practical application of the referendum to the legislation of the board.

The plaintiff rests his contention upon the decision of the Court of Appeals in Barto v. Himrod, 8 N. Y. 483, 59 Am. Dec. 506, and insists that the legislation provided for by the act in question is condemned by that decision. That was a case where the Legislature in the passage of an act provided that it should not become a law unless it was so declared to be by a vote of the people. The statute was a general one and the submission was to all the electors of the state. This was held to be obnoxious to our system of government and void. But I am of the opinion that the principle invoked in the Barto Case does not apply to local legislation by the state Legislature. This distinction was first pointed out by the Court of Appeals in Bank of Rome v. Village of Rome, 18 N. Y. 38, where it was held that an act of the Legislature granting power to a municipality, which act takes effect immediately, is not rendered unconstitutional by a provision that the power shall not be exercised until approved by a vote of the inhabitants of the municipality. It was further elucidated and illustrated by the court in Bank of Chenango v. Brown, 26 N. Y. 467, where it was held that an act of the Legislature was not invalidated by a provision which permitted a municipality by a vote of its people to determine what sections of a general law should apply to them. Other illustrations may be found in numerous cases among which are Starin v. Town of Genoa, 23 N. Y. 439; Clarke v. City of Rochester, 28 N. Y. 605; Village of Gloversville v. Howell, 70 N. Y. 287; People v. Fire Association, 92 N. Y. 311, 44 Am. Rep. 380. I have not been referred to any case, and I have failed to find one, where this distinction has been applied to an act passed by local authorities under power delegated to them by the Legislature. I fail, however, to find any reason why it should not apply in the one case as in the other, unless, in the section of the Constitution which authorizes the Legislature to grant the power, there remains either an expressed or implied provision that no restriction shall be imposed. But I find nothing in the Constitution (article 3, § 28) from which any such inference may be drawn. On the contrary, its language admits the inference that the Legislature shall in its discretion measure the extent of the power to be conferred, and supports the contention that in so doing it may interpose any check or limitation which may be reasonable. The condition that before the legislation as to certain specified matters shall be carried into execution the approval of the people interested shall be obtained does not to my mind confer legislative powers. The people are simply required to express their assent or dissent to the legislation adopted by their representatives, and such decision bears no different relation to the measure than does the veto of the Governor to legislative enactments. If I am correct in these conclusions, it follows that neither the act of the Legislature nor the resolution adopted by the supervisors is in any way inhibited by the Constitution or inconsistent with our system of government.

The plaintiff also urges a number of objections to the proceedings both before and after the passage of the resolution by the defendant board. The proofs touching these are contained in a large mass of documents, and it has been somewhat difficult in the present state of the papers to apprehend clearly the evidence applicable to each objection, and my disposition of them is made subject to this embarrassment.

The plaintiff's first objection is that there is no proof that the petition and notice were both published prior to their presentation. I take it that this claim is based upon the fact that in the affidavit of George L. Brown nothing but the notice is specified as having been published. But, as the notice and petition constituted a single document, I conclude that the board was justified in finding that both had been published. Mr. Brown was sworn as a witness in the case, and, if the petition were not published, that fact should have been made to appear.

The last publication in the newspapers was on November 5th and 6th. The board assembled November 9th, and the petition was presented December 8th. The plaintiff contends that this was not a compliance with the statute, which requires the publication to be for six successive weeks immediately preceding an annual or special meeting. As the publication was immediately preceding an annual meeting, I think the publication complied with the statute. The statute provides that the notice shall specify that the petition will be presented at the next meeting of the board. The notice that the petition would be presented at the next annual meeting of the board. Forasmuch as the publication immediately preceded the annual meeting, which the statute in terms permits, I am of the opinion that the notice was correct in designating the next annual meeting as the meeting at which the petition would be presented.

The plaintiff contends that, inasmuch as the board adjourned from the 14th of November to the 7th of December, and the petition was not presented until December 8th, it was not presented at the next meeting after the publication of the petition and notice. The statute speaks of only two classes of meetings, annual and special. The Legislature must be presumed to have legislated with knowledge of what those terms are generally understood to mean, to wit, the regular annual session of the board at the close of the year and emergency meetings called for special purposes from time to time. The annual meeting must be understood to mean all the time occupied in the deliberations of the board before final adjournment, whether such time be 1 day or 30. If this be so, the presentation of the petition on any day during the annual meeting was a compliance with the statute. The statute did not contemplate a public hearing at the time of the presentation, and therefore the exact time and place is not required to be stated. The object of the statute is obtained if the petition is presented at any time during the annual meeting.

The objection that the word "site" is employed in the notice of election in respect to both buildings and offices is, I think, unavailing. The word "location" is used in the statute in respect to office, and, while it may be preferable, both words are frequently employed in the same sense, and no confusion could have resulted. The notice was published by the county clerk, and not by the clerk of the board. The statute does not specify by whom the notice shall be published. All it requires is that it shall be published under the direction of the board, and that it was so done will be presumed from the resolution directing its publication.

As all the objections raised in respect to the form of the ballots and the canvassing of the votes have been passed upon by the Appellate

Division of the court in People ex rel. Williams v. Board of Canvassers, 105 App. Div. 197, 94 N. Y. Supp. 996, there is no occasion for alluding thereto in this opinion.

It follows that the complaint of the plaintiff must be dismissed, with costs. Let judgment be entered accordingly.

Judgment accordingly.